IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MISTY DAWN MINER                                                                PLAINTIFF

vs.                                  Civil No. 2:13-cv-02093

CAROLYN COLVIN                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Misty Dawn Miner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for SSI on November 26, 2007. (Tr. 101-103). Plaintiff alleged she was disabled due to depression, dizziness, irritable bowl syndrome, and severe pain on her left side. (Tr. 143). Plaintiff alleged an onset date of July 31, 2006. (Tr. 113). Plaintiff's SSI application was denied initially and at the reconsideration levels. (Tr. 60-69).

Plaintiff then requested an administrative hearing on her application. (Tr. 70-72). This hearing was held on May 12, 2009. (Tr. 22-49). On October 26, 2009, the ALJ entered an

---

[1] The docket numbers for this case are referenced by the designation "ECF. No." The transcript pages for this case are referenced by the designation "Tr."

unfavorable decision denying Plaintiff's application for SSI. (Tr. 55-59). On April 19, 2010, the Appeals Council denied review of the ALJ's decision. (Tr. 1-3). Plaintiff appealed this decision in federal district court, and on June 7, 2011, the Court remanded this case for further administrative proceedings. (Tr. 631-637).

Plaintiff's second hearing was held on August 2, 2011. (Tr. 595-626). Plaintiff was present and was represented by counsel, Coy Rush, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c)(2009). (Tr. 600). The Plaintiff testified she had a high school education and two years of college. *Id.*

On December 16, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 567-579). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 26, 2007, the application date. (Tr. 569, Finding 1). The ALJ determined Plaintiff had the severe impairments of chronic abdominal pain secondary to adhesions, ovarian cysts post surgery, osteoarthritis of the left hip and lumbar spine, osteoarthritis and internal derangement of the left knee, a history of syncope, pulmonary nodule, obesity, major depressive disorder/dysthymia, anxiety disorder, pain disorder, and personality disorder. (Tr. 569, Finding 2). The ALJ also determined, however, the Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 569, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 571, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her

2

claimed limitations were not totally credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform sedentary work, except she could occasionally balance and stoop, but could not climb, kneel, crouch, or crawl; avoid all hazards at work including driving; and can perform work where interpersonal contact is incidental to work performed; the complexity of tasks is learned and performed by rote, with few variables and little judgment required; and supervision is simple, direct, and concrete. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 578, Finding 5). The ALJ determined Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 578-579, Finding 9). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a machine tender with approximately 250 such jobs in Arkansas and 19,245 such jobs in the nation, assembler with approximately 365 such jobs in Arkansas and 49,700 such jobs in the nation, and inspector with approximately 50 such jobs in Arkansas and 4,200 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from November 26, 2007 through the date of the decision. (Tr. 579, Finding 10).

On February 21, 2013, the Appeals Council declined to review this decision. (Tr. 560-563). On April 2, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 22, 2013. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record supporting the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion</u>:

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13, Pg. 6-9. Specifically, Plaintiff claims the ALJ erred: (1) in failing to consider the side effects from Plaintiff's medication and (2) in failing to fully and fairly develop the record. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14. The Court will address each of the arguments Plaintiff has raised.

#### A. <u>Consideration of Medication Side Effects</u>

According to Plaintiff, the ALJ erred by not considering the side effects of Plaintiff's medication. ECF No. 13, Pgs. 6-8. Plaintiff claims her medications cause her dizziness, drowsiness, and trouble with concentration. *Id.* However, after review of the record, Plaintiff's argument is

5

without merit.

The record does not support any disabling limitations caused by adverse side effects from medication. Plaintiff's only support for this condition is her own testimony. The medical evidence does not show any of Plaintiff's physicians reporting any adverse medication side effects. Nor does the record find support of Plaintiff complaining about any mediation side effects. In fact, most significant is that Plaintiff denied having any adverse side effects with mediation in her disability application material. (Tr. 118, 148, 180, 740, 760, 771).

In his decision, the ALJ stated he considered the entire record and found the evidence as a whole supported his finding that Plaintiff retained the RFC to perform sedentary work with some additional postural and mental limitations. (Tr. 571, Finding 4). The ALJ also specifically discussed Plaintiff's medication use in his decision. (Tr. 570, 572, 574).

As a result of the above, the ALJ did not err in his evaluation of the evidence regarding Plaintiff's medication use.

### B. Development of the Record

Plaintiff claims the ALJ failed to fully and fairly develop the record as to her severe impairment of degenerative disc disease. ECF No. 13, Pg. 8-10. Plaintiff specifically claims the ALJ should have ordered a comprehensive psychological assessment in order to properly develop the record. *Id.*

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical

6

examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

As previously mentioned, Plaintiff argues the ALJ should have obtained a comprehensive psychological assessment and as a result of not doing so, the ALJ failed in his duty to properly develop the record. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). It should be noted the record in this mater is nearly 1100 pages.

Plaintiff argues the ALJ erred because Dr. Kathleen Kralik, in her report, (Tr. 949-956) stated her diagnoses were preliminary/provisional because they were based upon the information she received during her consultative examination, rather than a formalized, comprehensive psychological assessment. (Tr. 954). However, the record contains sufficient evidence for the ALJ to make a

7

disability determination. The record contains psychological evaluations, diagnoses of symptoms, treatment and discharge plans, and assessment of functional limitations from Western Arkansas Counseling and Guidance Center, along with a Mental RFC assessment and a Psychiatric Review Technique form.  (Tr. 891-897, 959-976, 1087-1092).

Finally, although Plaintiff was represented by counsel during the administrative process, Plaintiff did not request a consultative examination at any stage of the administrative proceedings or make any indication that the record was inadequate.  This is certainly relevant to the issue of prejudice.  *See Onstad v. Shalala,* 999 F.2d 1232,1234 (8th Cir. 1993).

As a result of the above, substantial evidence shows the ALJ met his duty to fairly develop the record.

**4.  Conclusion**:

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of September 2014.**

                                                /S/ Barry A. Bryant  
                                                HONORABLE BARRY A. BRYANT  
                                                U.S. MAGISTRATE JUDGE